FILED

AUG 1 0 2001

Phil Lombardi, Clerk
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| OKLAHOMA CHAPTER OF THE AMERICAN ACADEMY OF PEDIATRICS (OKAAP); COMMUNITY ACTION PROJECT OF TULSA COUNTY, INC. (CAPTC); K.M.W., by her mother and next friend Tracy T.; J.L.O., E.H.C., M.A.P. and M.S.P., by their mother and next friend Lisa P.; C.A.T., K.P.T., and J.W.T., by their parents and next friends Rowena T. and Kevin T.; C.A.S. and R.M.G., by their parents and next friends, Janice G. and Theodore G.; J.W.H. and E.L.H., by their parents and next friends, Regina H. and Gus H.; and S.M., by her mother and next friend, Heather R., <br><br>           Plaintiffs, <br><br> vs. <br><br> MICHAEL FOGARTY, Chief Executive Officer of the Oklahoma Health Care Authority (OHCA); LYNN MITCHELL, State Medicaid Director; CHARLES ED McFALL, Chairman of the OHCA Board of Directors; T.J. BRICKNER, JR., Vice-Chair of the OHCA Board of Directors; WAYNE HOFFMAN, Member of the OHCA Board of Directors; JERRY HENLEE, Member of the OHCA Board of Directors; RONALD ROUNDS, O.D., Member of the OHCA Board of Directors; GEORGE MILLER, Member of the OHCA Board of Directors; and LYLE ROGGOW, Member of the OHCA Board of Directors, <br><br>           Defendants. | Case No. 01-C-187-B(J) |

### ORDER

Before the Court are the Motions for Order Requiring Payment of Costs of Personal Service (Docket Nos. 2-10) filed by the plaintiffs Oklahoma Chapter of the American Academy of Pediatrics ("OKAAP"), Community Action Project of Tulsa County, Inc. ("CAPTC"); and

named children and their families, and the Motion for Change of Venue (Docket No. 20) filed by the defendants Michael Fogarty, Chief Executive Officer of OHCA; Lynn Mitchell, State Medicaid Director; Charles Ed McFall, Chairman of the OHCA Board of Directors; T.J. Brickner, Jr., Vice-Chair of the OHCA Board of Directors; and Wayne Hoffman, Jerry Henlee, Ronald Rounds, O.D., George Miller and Lyle Roggow, Members of the OHCA Board of Directors.

Plaintiffs seek the costs of personal service on defendants pursuant to Fed.R.Civ.P. 4(d)(2) based on the verbal agreement of Charles Miller, a partner of Covington and Burling, to waive personal service on the individual officials of OHCA and allow waivers of summons to be sent to Howard Pallotta, OHCA's General Counsel, for signature. Plaintiffs' counsel Patricia Bullock, confirmed in a telephone conversation on March 19, 2001 with Mr. Pallotta that he would accept the waivers of summons. Waivers of summons were sent by Federal Express to Mr. Pallotta at the OHCA office in Oklahoma City that day. None of the waivers was returned, and after several attempts to reach Mr. Pallotta, Ms. Bullock spoke with him by phone on May 3, 2001 at which time Mr. Pallotta informed her the waivers would not be returned. Plaintiffs now seek the cost to obtain personal service of defendants for failure to return a Notice and Acknowledgment of Receipt of Summons pursuant to Rule 4(d)(2).

Rule 4(d)(2) provides:

> (2) An individual . . . that is subject to service . . . and that receives notice of an action in the manner provided in this paragraph has a duty to avoid unnecessary costs of serving the summons. To avoid costs, the plaintiff may notify such a defendant of the commencement of the action and request that the defendant waive service of a summons. The notice and request
>   (A) shall be in writing and shall be addressed directly to the defendant, if an individual, . . .;

>   (B) shall be dispatched through first-class mail or other reliable means;
>   (C) shall be accompanied by a copy of the complaint and shall identify the court in which it has been filed;
>   (D) shall inform the defendant, by means of a text prescribed in an official form promulgated pursuant to Rule 84, of the consequences of compliance and of a failure to comply with the request;
>   (E) shall set forth the date on which the request is sent;
>   (F) shall allow the defendant a reasonable time to return the waiver, which shall be at least 30 days from the date on which the request is sent, . . .; and
>   (G) shall provide the defendant with an extra copy of the notice and request, as well as a prepaid means of compliance in writing.
>
> If a defendant located within the United States fails to comply with a request for waiver made by a plaintiff located within the United States, the court shall impose the costs subsequently incurred in effecting service on the defendant unless good cause for the failure be shown.

Defendants argue plaintiffs did not seek waivers of service as required by Rule 4 and therefore cannot collect costs of service. Neither Mr. Miller nor Mr. Pallotta was counsel for the individual defendants so as to exercise a waiver of service; plaintiffs' request was oral and not written, not addressed directly to each defendant informing him of the consequences of compliance and failure to comply with the request, and provided no prepaid means of compliance in writing.

The Court denies plaintiffs' motion for costs of personal service (Docket Nos. 2-10). As plaintiffs have not met Rule 4's requirements for a request of waiver from each defendant, plaintiffs may not rely on Rule 4's remedy for the defendant's failure to comply with that request.[1]

Defendants move to change venue pursuant to 28 U.S.C. §1391(b) and 1404(a)

---

[1] If, however, plaintiffs prevail herein, taxation of such costs may be appropriate.

3

contending the Western District of Oklahoma is the proper venue and most convenient forum.

Section 1391(b) provides an action may be brought under federal question jurisdiction in any of the following districts:

> (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

Plaintiffs bring this action to enforce requirements for medical, dental, developmental, mental and behavioral health and rehabilitation services for children throughout the state of Oklahoma under the Social Security Act ("Title XIX"), 42 U.S.C. §1396, and the State Children's Health Insurance Program ("S-CHIP"), 42 U.S.C. §1397aa. As such, the Northern District of Oklahoma is a "judicial district in which a substantial part of the events of omissions giving rise to the claim occurred" and therefore, like the Western District, is a proper venue. 28 U.S.C. §1391 (b)(2).

Section §1404(a) provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

The party requesting a §1404(a) transfer bears the burden of establishing the existing forum is inconvenient. *Chrysler Credit Corp. v. County Chrysler, Inc.*, 928 F.2d 1509, 1515 (10th Cir. 1991) The Tenth Circuit Court of Appeals identifies nine factors to consider in a motion to transfer pursuant to §1404(a):

> Among the factors [a district court] should consider is the plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained;

4

> relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and, all other considerations of a practical nature that make a trial easy, expeditious and economical.

*Id.* at 1516.

"Unless the balance is strongly in favor of the movant the plaintiff's choice of forum should rarely be disturbed." *Scheidt v. Klein*, 956 F.2d 963, 965 (10th Cir. 1992) (quoting *William A. Smith Contracting Co. v. Travelers Indem. Co.*, 467 F.2d 662, 664 (10th Cir. 1972)); *Texas Eastern Transmission Corp. v. Marine Office-Appleton & Cox Corp.*, 579 F.2d 561, 567 (10th Cir. 1978) ("Plaintiff's choice of forum is given considerable weight."). Plaintiffs selected the Northern District of Oklahoma in which to bring suit. There is no evidence plaintiffs selected this jurisdiction for forum shopping purposes. *800-Flowers, Inc., v. Intercontinental Florist, Inc.*, 860 F. Supp. 128, 135 (S.D.N.Y. 1994) (holding plaintiff's choice of forum should be diminished where plaintiff has chosen a forum which is neither his home nor the place where the cause of action arose.). Further, plaintiffs note that counsel for plaintiffs and defendants have offices in Tulsa, while plaintiffs' counsel does not have an office in Oklahoma City. Thus, plaintiff's choice of forum should be given considerable weight in this analysis.

Defendants argue the accessibility of witnesses and proof in this case weighs in favor of transferring venue. However, plaintiffs anticipate exhibits and witnesses will be from throughout the state, including the Northern District. Further, CAPTC and two of the four officers of OKAAP reside and work in the Northern District, three of the six families live in the Northern District, and some individual defendants were served in the Northern District. "Merely shifting the inconvenience from one side to the other is not a permissible justification for a change of venue. *Scheidt*, 956 F.2d

5

at 966.

Defendants have failed to demonstrate the requisite showing of inconvenience that would allow the Court to disturb plaintiffs' choice of forum. Therefore, Defendants' Motion to Change Venue (Docket No. 20) is hereby DENIED.

IT IS SO ORDERED this 10th day of August, 2001.

*[signature]*
THOMAS R. BRETT
UNITED STATES DISTRICT JUDGE