UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **OKLAHOMA CHAPTER OF THE** ) <br> **AMERICAN ACADEMY OF PEDIATRICS** ) <br> **(OKAAP)**, *et al.*, ) <br>     ) <br> **Plaintiffs,** ) <br>     ) <br> v.    ) <br>     ) <br> **MICHAEL FOGARTY, Chief Executive** ) <br> **Officer of the Oklahoma Health Care** ) <br> **Authority (OHCA),** *et al.*, ) <br>     ) <br> **Defendants.** ) | Case No. 01-CV-0187-CVE-SAJ |

## OPINION AND ORDER

Now before the Court is Defendant Fogarty's Motion for Bill of Costs (Dkt. # 310) and the Bill of Costs (Dkt. # 311) submitted by the Oklahoma Health Care Authority ("OHCA"). Despite the title of the motion, the text indicates that all defendants are seeking costs in connection with the Court's May 19, 2005 Final Judgment and Permanent Injunction. Defendants claim that they are entitled to an award of costs, as defined in 28 U.S.C. §§ 1981 and 1921, as the "prevailing party" under Fed. R. Civ. P. 54(d)(1). "As is apparent from the language of Rule 54(3)(1), the determination of who qualifies as the prevailing party is central to deciding whether costs are available." Barber v. T.D. Williamson, Inc., 254 F.3d 1223, 1233-34 (10th Cir. 2001) (internal quotation and citation omitted). "In general, the litigant who is the prevailing party for the purposes of attorney's fees is also the prevailing party for purposes of costs." Id. at 1234 (citations omitted).

To be considered the prevailing party for purposes of attorneys' fees, the plaintiff must achieve some "'material alteration of the legal relationship of the parties'" or a "court ordered 'chang[e] [in] the legal relationship between [the plaintiff] and the defendant.'" Buckhannon Board & Care Home, Inc. v. West Virginia Dept. of Health & Human Resources, 532 U.S. 598, 604 (2001)

(quoting Texas State Teachers Ass'n v. Garland Indep. School Dist., 489 U.S. 782, 792-93(1989)). Such "material alterations" include "enforceable judgments on the merits and court-ordered consent decrees." Buckhannon, 532 U.S. at 604. A plaintiff need not succeed on every claim but need only show success on "any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983) (citation omitted). In Barber, the plaintiff was deemed the "prevailing party" although successful on only one of three claims and awarded only nominal damages. 254 F.3d at 1234.

Plaintiffs here succeeded on the most significant issues in the litigation and achieved a significant part of the relief they sought in bringing suit. There is no question that they achieved a material alteration of the legal relationship between themselves and the defendants. In the Final Judgment and Permanent Injunction, the Court declared:

> (a) in violation of 42 U.S.C. §1396a(a)(30(A), defendants are not assuring that payments are sufficient to enlist enough providers so that care and services are available to Medicaid-eligible children to the extent that such care and services are available to the general population in the geographic areas served by the Oklahoma Health Care Authority ("OHCA");
> (b) defendants are not furnishing medical assistance with reasonable promptness to all eligible individuals, in violation of 42 U.S.C. §1396a(a)(8);
> (c) defendants are in substantial compliance with all Early and Periodic, Screening, Diagnosis and Treatment ("EPSDT") provisions of the Medicaid Act other than the requirement set forth in 42 U.S.C. §1396d(r)(1)(A)(i) that they establish a periodicity schedule for EPSDT screening services "after consultation with recognized medical and dental organizations involved in child health care";
> (d) defendants' auto-assignment/default enrollment system does not constitute a violation of 42 U.S.C. §1396u-2(a)(4)(D);
> (e) defendants' cross-agency relationship with the Oklahoma Department of Human Services ("DHS") does not constitute a violation of 42 U.S.C. § 1396a(a)(11)(A); and
> (f) defendants, in compliance with federal law, may refuse to pay for experimental treatment desired by certain class members when their decisions are based upon reasonable concern for safety.

Defendants assert that they are the prevailing parties because of the Court's declarations in (c) through (f) above and because the Court dismissed the Oklahoma Chapter of the American Academy of Pediatrics (OKAAP) from the suit.  Defendants ignore declarations (a) and (b) and the injunctive relief awarded by the Court as a result.  The Court ordered and permanently enjoined defendants, among other things:

> 1. to institute, as an immediate interim measure, a fee schedule for fee-for-service physician (including pediatrician) reimbursement for covered, medically necessary physician services provided to minor children under the Oklahoma Medicaid Program at the rate for each Current Procedural Terminology ("CPT") Code that equals one hundred percent (100%) of the rate paid by Medicare for physician services as soon as possible within the strictures of the relevant state or federal law, and following all approvals necessary from the United States Centers for Medicare and Medicaid Services;
> 2. to negotiate a contract, in keeping with relevant state laws, with a nationally recognized economic consulting firm to conduct a study to determine the fee-for-service reimbursement rate necessary to assure reasonably prompt access to health care for minor children in the Oklahoma Medicaid Program while also complying with the utilization and efficiency requirements of 42 U.S.C. §1396a(a)(30)(a);
> 3. to institute a fee-for-service fee schedule determined by the consulting firm as necessary to assure reasonably prompt access to health care for minor children in the Oklahoma Medicaid Program, or, in the alternative, i.e., if they are unable to negotiate a contract and abide its terms, to adjust all Medicaid rates paid to providers so that the rates for covered, medically necessary physician services provided to minor children under the Oklahoma Medicaid Program are sufficient to ensure equal and reasonably prompt access to health care for such minor children;
> 4. to use their best efforts to attempt to obtain increased funding from the Oklahoma Legislature for the reimbursement changes;
> 5. to assure that the Oklahoma Health Care Authority ("OHCA") immediately adopts and implements new periodicity schedules (for periodic comprehensive medical screening examinations, dental screening examinations and vision screening examinations) after consultation with recognized medical and dental organizations involved in child health care, including OKAAP, Oklahoma State Medical Association, and the Oklahoma Dental Association;
> 6. to file notice of certain actions and events necessary to implement the Court's order;
> 7. to appear before the undersigned for a hearing on May 19, 2006 to determine defendants' compliance with the mandate of the Final Judgment and Permanent Injunction.

The Court finds that defendants are not entitled to an award of costs because they were not "prevailing parties" in this lawsuit.

Accordingly, Defendant Fogarty's Motion for Bill of Costs (Dkt. # 310) and the Bill of Costs (Dkt. # 311) submitted by the OHCA are hereby **DENIED**.

**IT IS SO ORDERED** this 5th day of July, 2005.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT