UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **OKLAHOMA CHAPTER OF THE** ) | |
| **AMERICAN ACADEMY OF PEDIATRICS** ) | |
| **(OKAAP)**, *et al.*, ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | Case No. 01-CV-0187-CVE-SAJ |
| ) | |
| **MICHAEL FOGARTY, Chief Executive** ) | |
| **Officer of the Oklahoma Health Care** ) | |
| **Authority (OHCA)**, *et al.*, ) | |
| ) | |
| **Defendants.** ) | |

## OPINION AND ORDER

Now before the Court is Plaintiffs' Motion for Judicial Review of Court Clerk's Order on Bill of Costs (Dkt. # 347). Plaintiffs sought $30,200.39 in costs, but later reduced that amount by $1,935.55. Defendants objected, arguing that the allowable costs should be reduced to $10,987.70. The Court Clerk awarded $25,038.03 (Order, Dkt. # 346). Plaintiffs assert that the Clerk erred in failing to tax $985.43 as costs for copies of witness examination notebooks used at trial and failing to tax $1,820.06 as costs for copies of exhibits used at trial of the "Xolair" issue upon which plaintiffs were unsuccessful. They also assert that the expenses for copying fees, *pro hac vice* fees, duplicate transcript fees, and transcript disk fees excluded by the Court Clerk under 28 U.S.C. § 1920 may be awarded as part of the attorney fee award under 42 U.S.C. §1988.

Plaintiffs assert that the witness examination notebooks at issue were created for three of the most important defense witnesses, and the examination of these witnesses was highly document intensive. Plaintiffs' counsel created the notebooks to organize his examination of these witnesses, to assure that the examination went smoothly, and to contribute to the efficiency of the trial proceedings. The Court agrees that, although the copies may have been duplicative, the copies were

necessarily obtained. The Clerk should award $985.43 as costs for copies of the witness examination notebooks.

The Court is not persuaded that copies of exhibits used at trial for the Xolair issue were necessarily obtained. After the Court entered its Final Judgment and Permanent Injunction (Dkt. # 288), defendant Fogarty filed a Motion for Bill of Costs (Dkt. # 310) and a Bill of Costs (Dkt. # 311) in which he claimed to be the prevailing party under Fed. R. Civ. P. 54(d)(1). The Court found to the contrary, stating, in relevant part: "Plaintiffs here succeeded on the most significant issues in the litigation and achieved a significant part of the relief they sought in bringing suit. There is no question that they achieved a material alteration of the legal relationship between themselves and the defendants." Order, entered July 5, 2005 (Dkt. # 320). The Court remarked that a plaintiff need not succeed on every claim but need only show success on "any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983) (citation omitted). The Court also pointed out that, in Barber v. T.D. Williamson, Inc., 254 F.3d 1223, 1233-34 (10th Cir. 2001), the plaintiff was deemed the "prevailing party" although successful on only one of three claims and awarded only nominal damages. 254 F.3d at 1234.

However, these findings do not mean that plaintiffs, as the "prevailing party," are entitled to full costs where they were only partially successful. As explained in the Final Judgment and Permanent Injunction, the Xolair issue was raised, briefed, and tried subsequent to the original and amended claims. The Barber plaintiff, by contrast, asserted three claims (hostile work environment, discriminatory termination, and retaliatory discharge) which were pled and tried together. Id. at 1225. Plaintiffs filed this action in March 2001, alleging essentially that defendants' policies and

procedures denied or deprived eligible children of the health and medical care to which those children are entitled by federal law. Plaintiffs sought injunctive relief to ensure that eligible children receive that care. After the Court ruled on motions to dismiss, plaintiffs filed an amended complaint in May 2002. The Court defined and certified the plaintiff class of children on May 30, 2003. The Court then held a non-jury trial for 19 days in April and May 2004. The parties made closing arguments and submitted proposed findings of fact and conclusions of law in July 2004.

The Xolair issue did not arise until October 5, 2004, when plaintiffs filed a motion for supplemental relief and request for preliminary injunction. The motion essentially requested that the Court enjoin defendants from denying coverage for the anti-immunoglobulin E ("IgE") drug Xolair (the trade name for omalizumab) to six class members suffering from elevated IgE-related symptoms and whose physicians determined Xolair to be medically necessary for them. The Court held a hearing on October 29 and November 1, 2004 to address this limited issue. The Court ordered additional medical evaluations and held an additional hearing on January 4, 2005. The parties submitted proposed findings of fact and conclusions of law regarding the Xolair issue on January 18, 2005.

At the final hearing on the Xolair issue, plaintiffs moved to have the evidence presented at the Xolair hearings included in the record as a whole. Defendants objected, and the Court took the issue under advisement. After reviewing the record, the Court found that the evidence should be included in the record as a whole, given testimony at the earlier trial in April and May 2004 that OHCA had denied prior authorization for medication, and that one physician had experienced difficulty in obtaining authorization for medications needed by his Medicaid patients. See Final Judgment (Dkt. # 288) at 69 n.16. The Court's willingness to accommodate the plaintiffs'

"supplemental" claim and to include consideration of the issue in the same final order does not justify an award of costs to plaintiffs. They clearly lost on that issue, which was subsequently and separately briefed and tried. Apportionment is warranted under these exceptional circumstances to reflect plaintiffs' partial success. As stated in the Barber opinion,

> We note that, while costs presumptively are awarded to the prevailing party, see Klein v. Grynberg, 44 F.3d 1497, 1506 (10th Cir.1995); see also Zeran v. Diamond Broadcasting, 203 F.3d 714, 722 (10th Cir.2000) (noting that a trial court must provide a valid reason for not awarding costs to the prevailing party), a trial court still has the discretion to act under Rule 54(d)(1). See Roberts v. Madigan, 921 F.2d 1047, 1058 (10th Cir.1990) (noting the "broad discretion" had under Rule 54(d)(1)). For example, in cases in which the prevailing party has been only partially successful, some courts have chosen to apportion costs among the parties or to reduce the size of the prevailing party's award to reflect the partial success. See Wright & Miller, supra, § 2667.

254 F.3d at 1234.

Finally, the issues as to whether other expenses excluded by the Court Clerk under 28 U.S.C. § 1920 may be awarded as part of the attorney fee award under 42 U.S.C. §1988 have been referred to the magistrate judge. Plaintiffs apparently sought these expenses in their motion for attorneys' fees as well as their bill of costs. The Court does not deem the Court Clerk's determination as to these fees *res judicata* for purposes of the magistrate judge's determination.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion for Judicial Review of Court Clerk's Order on Bill of Costs (Dkt. # 347) is hereby **granted in part and denied in part**: it is granted as to plaintiffs' assertion that $985.43 should be taxed as costs for copies of witness examination notebooks used at trial; it is denied as to plaintiffs' assertion that $1,820.06 should be taxed as costs for copies of exhibits used at trial of the "Xolair" issue upon which plaintiffs were unsuccessful. Accordingly, additional costs are taxed in favor of plaintiffs and against defendants

and included in the judgment in the amount of $985.43, and in all other respects the Order on Bill of Costs is affirmed. Thus, the Clerk's Order (Dkt. # 346) is **affirmed in part and denied in part**.

**DATED** this 26th day of January, 2006.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT