# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| OKLAHOMA CHAPTER OF THE AMERICAN ACADEMY OF PEDIATRICS, *et al.*, <br><br>  Plaintiffs, <br><br> vs. <br><br> MICHAEL FOGARTY, *et al.*, <br><br>  Defendants. | ) ) ) ) ) ) ) ) Case No. 01-CV-187-CVE/SAJ ) ) ) ) |

**REPORT AND RECOMMENDATION**

Before the Court is Defendant's Motion For Attorney Fees [Dkt. # 453], referred by the Honorable Claire V. Eagan, and the Court, having considered the argument and authority presented, finds the issues do not require hearing and enters the following Report and Recommendation:

**I. Background**

Plaintiffs filed this action in March 2001, pursuant to 42 U.S.C. §1983, alleging that Defendants' acts and omission deprive Oklahoma's Medicaid-eligible children of the health care and treatment to which those children are entitled under Title XIX of the Social Security Act ("Medicaid Act"). Plaintiffs sought to enforce their right to receive early and periodic screening, diagnosis and treatment ("EPSDT") services as set forth in 42 U.S.C. §§ 1396(a)(8), 1396 (a)(10)(A), 1396d(a)(4)(B)(2) and 139d

1

(r). Plaintiffs also specifically alleged that Defendants had failed to furnish Medicaid-eligible children with necessary EPSDT services with reasonable promptness in violation of §1396a(a)(8), and that Defendants have failed to set provider reimbursement rates at a sufficient level to assure recipients equal access to quality health care, in violation of 42 U.S.C.§1396a(a)(30)(A). Plaintiffs sought injunctive relief to ensure that eligible children do actually receive that care.

On May 21, 2002, the Court denied Defendants' Motion to Dismiss. On May 30, 2003, the Court certified and determined the Plaintiff class to be: "all children under the age of 21 who are now, or in the future will be, residing in Oklahoma and who have been, or will be, denied or deprived of Medical Assistance as required by law."

A 19 day non-jury trial was held in April and May, 2004. Findings of Fact and Conclusions of Law were entered by the Court on March 22, 2005, in which the Court concluded that, "in violation of 42 U.S.C. §1396a(a)(30)(A), Defendants are not assuring that payments are sufficient to enlist enough providers so that care and services are available to Medicaid-eligible children to the extent that such care and services are available to the general population in the geographic areas served by the OHCA (*i.e.,* Defendants are not assuring "equal access")." The District Court further concluded that Defendants have violated §1396a(a)(30)(A) by failing "to assure that payments to providers are consistent with quality of care. . ." The District Court also made a finding that Defendants "are not furnishing medical assistance

with reasonable promptness to all eligible individuals, in violation of §1396a(a)(8). With regard to the comprehensive health screening periodicity schedule, the Court held that Defendants have violated federal law by failing to draft the periodicity schedule in "consultation with recognized medical and dental organizations involved in child health care."

The record reflects numerous motions and hearings were held following the entry by the Court of its Findings of Fact and Conclusions of Law, culminating in a final appealable Judgment and Permanent Injunction being entered on May 19, 2005. An appeal to the Tenth Circuit Court of Appeals was filed and on February 15, 2007, the case was reversed and remanded with directions to enter judgment in favor of Defendants. Petition for Writ of Certiorari was filed by Plaintiffs on May 17, 2007 and is currently pending.

As prevailing parties, Plaintiffs filed Bill of Costs on July 14, 2005. The Court Clerk held a hearing and awarded Plaintiffs $25038.08 in costs against Defendants. This Order was appealed to the District Court, which affirmed the amount of costs awarded by the Court Clerk but added an additional $985.43 in costs which had been denied by the Court Clerk. In the Order, dated January 26, 2006, the Court noted that certain cost items excluded by the Court Clerk were also sought by Plaintiffs in their motion for attorney fees filed pursuant to 42 U.S.C.§1988. The Court found that the Court Clerk's determination as to those fees were not *res judicata* as to any determination to be made by the magistrate judge to whom the

motion for attorney fees was referred.  This Order was also appealed to the Tenth Circuit, however Defendants dismissed the appeal of this Order on September 14, 2006.

Defendants filed Bill of Costs on April 2, 2007 and pleading styled "Defendants' Motion for An Award of Attorney Fees And Brief In Support" the same day.  Bill of Costs was set for hearing before the Court Clerk and Defendants' Motion for An Award of Attorney Fees was referred to the undersigned.

The Clerk of Court held hearing on the Bill of Costs on August 14, 2007, and awarded costs in the amount of $16,843.06 in favor of Defendants and against the Plaintiffs.   The time for objections to the Order entered by the Court Clerk has not yet expired.

## II. ARGUMENTS AND AUTHORITY

Defendants styled their motion as "Defendants' Motion for An Award of Attorney Fees And Brief In Support" Defendants, however, state that they are not making a request for attorney fees as prevailing parties.  Instead, Defendants' motion is directed toward recovery of costs and expenses not awarded pursuant to 28 U.S.C. §1920 and return of costs and expenses previously awarded to Plaintiffs as prevailing parties.

### A.  Costs and Expenses Paid to Plaintiffs

Defendants urge the cost and expenses that were paid to Plaintiffs prior to the reversal by the Tenth Circuit should now be returned as costs and expenses.

4

Defendants originally appealed the January 26, 2005 Order. However the appeal was dismissed upon Defendants' motion, filed more than three months before reversal by the Tenth Circuit of the substantive appeal.

Plaintiffs assert they are entitled to retain the $25,038.08 previously awarded based upon a final judgment having been entered as to the costs and expenses. Plaintiffs are, in effect, urging the voluntary dismissal of the appeal as to the cost and expenses waives any right to a return of those funds.

Defendants cite to *Corley v. Rosewood Care Center, Inc.*, in support of their position. In *Corley*, the district court granted summary judgment on a RICO claim in favor of the defendants. 142 F.3d 1041, 1056 (7th Cir. 1998). As prevailing parties, the defendants were awarded costs. The Seventh Circuit later reversed the summary judgment. Since the defendants were no longer "prevailing parties" under Fed.R.Civ.P. 54(d), the Seventh Circuit determined that it "must vacate the costs awarded on that claim." *Id.* As in the case at bar, the award of costs had been appealed separately. However, the appeal of the costs had not been dismissed.

The Court concludes that inclusion of a request for return of the costs paid by Plaintiffs to Defendants is not properly brought pursuant to either 28 U.S.C. §1920 or 42 U.S.C. §1988. Instead, Defendants request should have been brought pursuant to Fed.R.Civ.P. 60(b). The Court therefore recommends that as to this issue, Defendants motion should be denied without prejudice to reurge its position pursuant to Fed.R.Civ.P. 60(b).

5

B. Defendants' Costs and Expenses

Other costs and expenses now sought by Defendants' motion for attorney fees are to some degree included in the Bill of Costs on which the Clerk of Court entered judgment in the amount of $16,843.06 on August 14, 2007. Because this is not a final order, this Court recommends that Defendants' motion as to the issues of costs and expenses be stayed pending entry of final order on Bill of Costs. Final order is defined by this Court as the order entered after time for objections has expired or objections have been resolved by the Court. Defendants should file motion to lift stay advising the Court as to what cost and expense issues remain to be determined pursuant to 42 U.S.C. 1988 within 15 days of final order. Alternatively, Defendants should file motion to withdraw as moot if all issues are resolved.

### III. Recommendation

This Court recommends that Defendant's Motion For Attorney Fees [Dkt. # 453] be denied in part as moot as to attorney fees, stayed in part as to costs and expenses as set forth herein, and denied in part without prejudice to reurge as set forth herein as to the issue of return of costs and expenses paid to Plaintiffs.

### IV. Objections

In accordance with 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b), a party may file specific written objections to this Report and Recommendation. Objections must be filed with the Clerk of the District Court for the Northern District of Oklahoma within 10 days of being served with a copy of this Report and Recommendation.

*See* Fed. R. Civ. P. 6 (as to computation of time periods). If specific written objections are timely filed, the district judge assigned to this case will

> make a *de novo* determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b). *See also* 28 U.S.C. § 636(b)(1).

The Court of Appeals for the Tenth Circuit has adopted a "firm waiver rule" in connection with appeals from orders adopting a Magistrate Judge's report and recommendation. "[T]he failure to make timely objections to the magistrate's findings or recommendations waives appellate review of factual and legal questions." *United States v. One Parcel of Real Property,* 73 F.3d 1057, 1059 (10th Cir. 1996) (*quoting Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)). **Thus, a timely, specific and written objection is necessary to preserve an issue for *de novo* review by the assigned district judge and for appellate review by the court of appeals.** *See Thomas v. Arn*, 474 U.S. 140 (1985); *Haney v. Addison*, 175 F.3d 1217 (10th Cir. 1999); and *Talley v. Hesse*, 91 F.3d 1411 (10th Cir. 1996).

Dated this 29th day of August 2007.

Sam A. Joyner
United States Magistrate Judge