### IN THE UNITED STATES DISTRICT COURT FOR THE
### NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| OKLAHOMA CHAPTER OF THE ) <br> AMERICAN ACADEMY OF PEDIATRICS ) <br> (OKAAP), *et al.*,, ) <br> ) <br>            **Plaintiffs,** ) <br> ) <br> v. ) <br> ) <br> MICHAEL FOGARTY, Chief Executive Officer ) <br> of the Oklahoma Health Care Authority ) <br> (OHCA),  *et al.*, ) <br> ) <br>            **Defendants.** ) | Case No. 01-CV-0187-CVE-SAJ |

## OPINION AND ORDER

Now before the Court are Magistrate Judge Sam A. Joyner's Report and Recommendation (Dkt. # 470) on Defendants' Motion for an Award of Attorney Fees and Brief in Support (Dkt. # 453) and Defendant's [sic] FRCP 60(b)(5) Motion to Vacate Order and Return Monies Tendered (Dkt. #472).

### I.

Plaintiffs filed this lawsuit under 42 U.S.C. § 1983 alleging that the Oklahoma Health Care Authority ("OHCA") was not complying with its obligation to provide health care services for Medicaid-eligible children. Specifically, plaintiffs alleged that OHCA was not providing early and periodic screening, diagnosis and treatment services as required by 42 U.S.C. §§ 1396a(a)(8) and (a)(10), and that reimbursement rates for providers were insufficient to guarantee Medicaid recipients equal access to quality health care. After a non-jury trial, the Court entered findings of fact and conclusions of law on March 22, 2005, concluding that defendants' payments to providers were insufficient to enlist enough providers for Medicaid-eligible children and that defendants were

not providing medical assistance to eligible individuals with reasonable promptness. Dkt. # 272, at 120. The Court entered a final judgment and permanent injunction against defendants, and a compliance hearing was set for May 19, 2006. Defendants appealed the Court's ruling to the Tenth Circuit Court of Appeals.

As the prevailing parties, plaintiffs filed a bill of costs and a motion for attorney fees. The Court Clerk ordered defendants to pay costs of $25,038.08, but denied plaintiffs' request for copying costs of $985.43 concerning trial exhibits and examination notebooks. Plaintiffs appealed the Court Clerks's order and the Court awarded plaintiffs an additional $985.43 for copying costs. On January 27, 2006, the Court entered judgment in favor of plaintiffs taxing costs against defendants in the amount of $26,023.51. Dkt. # 373. Plaintiffs' motion for attorney fees was referred to Magistrate Judge Sam A. Joyner for resolution but, before he could enter a report and recommendation, the Tenth Circuit reversed the judgment in favor of plaintiffs. In accordance with the Tenth Circuit's decision, this Court vacated its findings of fact and conclusions of law and its judgment, and entered judgment for defendants. Dkt. # 447.

Defendants filed a bill of costs and a motion for attorney fees, arguing that they were the prevailing party following the Tenth Circuit's decision. Defendants requested costs of $23,125.37 in their bill of costs. Defendants filed a separate motion seeking expenses of $11,314.90 under 28 U.S.C. § 1920 and 42 U.S.C. § 1988,[1] and defendants also requested that plaintiffs return, with interest, the $26,023.51 in costs awarded to plaintiffs before the Tenth Circuit's decision. The Court

---

[1] Defendants did not request attorney fees for services provided by counsel, because defendants were represented by attorneys employed by OHCA. Therefore, defendants did not incur legal fees and, although nominally a motion for attorney fees, defendants' motion was limited to litigation expenses.

2

Clerk awarded defendants $16,843.06 in costs on August 14, 2007. The magistrate judge issued a report and recommendation on August 29, 2007, recommending that defendants' motion for attorney fees be considered moot as to attorney fees, stayed in part as to costs, and denied without prejudice as to the return of costs previously awarded to plaintiffs. He found that many of the expenses sought by defendants were likely included in the Court Clerk's award of costs, but the award of costs was not a final order. Therefore, he concluded that a ruling on defendants' motion for attorney fees should be stayed until defendants had an opportunity to object to the Court Clerk's award of costs. He noted that defendants' request for return of costs previously awarded to plaintiffs must be brought under Fed. R. Civ. P. 60(b)(5), and he recommended denial of defendants' request for return of costs without prejudice to the filing of an appropriate Rule 60(b) motion.

Defendants filed a motion under Rule 60(b)(5) requesting that plaintiffs return the $26,023.51 in costs with interest. Plaintiffs filed a response stating that no order would be necessary concerning the return of the $26,023.51, because plaintiffs have agreed to pay defendants the full amount. However, plaintiffs dispute defendants' request for interest on this amount, because defendants have not cited any legal basis for interest.

## II.

The Court has reviewed the magistrate judge's report and recommendation and defendants' Rule 60(b) motion and finds that many of the issues concerning defendants' entitlement to costs and fees are moot. The Court Clerk's bill of costs became final on August 21, 2007, when the deadline

3

passed to appeal to the undersigned the Court Clerk's award of costs.[2]  Therefore, defendants' entitlement to costs under 28 U.S.C. § 1920 has been adjudicated, and defendants have not exercised their right to appeal the Court Clerk's August 14, 2007 award of costs.  In addition, plaintiffs have agreed to return the $26,023.51 awarded to them as costs prior to the Tenth Circuit decision.[3]  This leaves two issues for adjudication: (1) defendants' entitlement to costs under 42 U.S.C § 1988; and (2) defendants' request for interest on the $26,023.51.

As to the first issue, the magistrate judge recommended that the Court stay its ruling on this issue and his report and recommendation, although not a formal stay, has effectively stayed resolution of this issue.   Although  the magistrate judge did not reach this merits of this issue, the Court sees no reason to recommit the issue to the magistrate judge for further proceedings to determine if defendants have a right to fees or expenses under § 1988. When a defendant prevails in a case falling within § 1988(b), "a plaintiff should not be assessed his opponent's attorney's fees unless a court finds that his claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." Christianburg Garment Co. v. EEOC, 434 U.S. 412, 422 (1978). This Court initially entered judgment in favor of plaintiffs and, although the Tenth Circuit reversed this Court's judgment, the Tenth Circuit gave no indication that it viewed plaintiffs' claims as frivolous.  The Tenth Circuit has been clear the Christianburg standard is a "difficult

---

[2]  The magistrate judge's report and recommendation states that the Court Clerk's order awarding costs was not final, because the parties had 15 days to file an objection after the Court Clerk entered his order.  In fact, the parties had 5 days to file an appeal of the Court Clerk's order under Fed. R. Civ. P. 54(d)(1) and, excluding weekends and holidays, the deadline to appeal the Court Clerk's award of costs was August 21, 2007.

[3]  Plaintiffs suggest that the Court does not need to enter an order concerning these costs, because they have agreed to return the money.  Without a settlement by the parties and withdrawal of defendants' motion, the issue is still ripe for adjudication and an order must be entered disposing of defendants' motion.

4

standard to meet, to the point that rarely will a case be sufficiently frivolous to justify imposing attorney fees on the plaintiff." Mitchell v. City of Moore, Oklahoma, 218 F3d 1190, 1203 (10th Cir. 2000). This was a complex and hard-fought case, and the Court finds no possibility that plaintiffs' claims could be characterized as frivolous, unreasonable, or groundless under the Christianburg standard. Therefore, defendants are not entitled to fees or costs under § 1988(b).

Turning to defendants' request for "statutory interest" on the $26,023.51 award of costs that must be returned by plaintiffs, the Court finds no legal basis for this request. Defendants' Rule 60(b) motion cites no statute or precedent that would require plaintiffs to pay interest on the returned funds. In addition, the Court has independently researched this issue and finds no legal support for defendants' position. Defendants' request for "statutory interest from the date of [plaintiffs'] receipt" of the money would act as a penalty against plaintiffs for filing this lawsuit. Dkt. # 472, at 3. If the Court were to impose interest on the return of the award of costs, this could deter future plaintiffs from pursuing novel yet legitimate claims under § 1983. Defendants have not identified any legal basis for an award of interest under these circumstances, and plaintiff will be ordered to return the funds without interest.

**IT IS THEREFORE ORDERED** that the Report and Recommendation (Dkt. # 470) is **accepted in part** and **rejected in part**, and Defendants' Motion for an Award of Attorney Fees and Brief in Support (Dkt. # 453) is **moot in part** and **denied in part**. Defendants' motion is moot as to their request for costs under 28 U.S.C. § 1920; defendants' motion is denied as to their request for fees and expenses under 42 U.S.C. § 1988. Defendant's [sic] FRCP 60(b)(5) Motion to Vacate Order and Return Monies Tendered (Dkt. # 472) is **granted in part** and **denied in part**.

Defendants' motion is granted as to the return of the $26,023.51 previously awarded to plaintiffs, but defendants' request for interest on this amount is denied.

**IT IS FURTHER ORDERED** that the judgment (Dkt. # 373) awarding $26,023.51 in costs to plaintiffs is **vacated**, and plaintiffs must return $26,023.51 to defendants no later than **December 21, 2007**.

**DATED** this 28th day of November, 2007.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT